IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SCOTT BOWLIN, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-15-166-RAW-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## **REPORT AND RECOMMENDATION**

Plaintiff Scott Bowlin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 30, 1960 and was 54 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade with special education classes. Claimant has worked in the past as a groundskeeper, dishwasher, tire repairer, and nursery/horticulture worker. Claimant alleges an inability to work beginning July 10, 2012 due to limitations

3

resulting from depression, back pain, and ankle pain.

**Procedural History**

On July 10, 2012, Claimant protectively filed for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 22, 2014, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Jeffrey Wolfe in Tulsa, Oklahoma. The ALJ entered an unfavorable decision on October 16, 2014. The Appeals Council denied review on March 20, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform medium work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to include work-related limitations for all of the severe impairments or incorporate all of the impairments of physicians whose opinions were given great weight; and (2) failing to perform a function-by-

function analysis of Claimant's limitations in the RFC.

**RFC Assessment**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc of the lumbar spine and depression. (Tr. 21). The ALJ concluded that Claimant retained the RFC to perform a reduced range of medium work. In so doing, he found Claimant could stand/walk at least six hours in and eight hour workday; lift/carry up to 50 pounds occasionally and 25 pounds frequently; had no limitation on the ability to sit, but could not climb ladders, ropes, or scaffolds. Claimant was limited to occasional climbing of ramps or stairs. He could frequently balance, but he could not crawl. He could occasionally bend, stoop, or crouch. Claimant was limited to the performance of simple unskilled work. (Tr. 23). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of laundry worker I, machine packer, and dining room attendant, all of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 29). As a result, the ALJ found Claimant was not disabled since July 10, 2012. Id.

Claimant first contends the ALJ failed to consider or include any of the limitations associated with his severe mental

impairments in the RFC. He specifically argues that the inclusion of "simple, unskilled work" did not encompass the mental limitations found in the medical record and is not expressed in valid work-related functional terms.

The Tenth Circuit has stated that inclusion of the word "simple" as a limitation is insufficient to include all of a claimant's mental functional limitations and would be insufficient in any questioning posed to the vocational expert. <u>Groberg v. Astrue</u>, 505 Fed.Appx. 763, 770 (10th Cir. 2012).

Claimant was evaluated by Dr. Kenny Paris on September 12, 2012. Dr. Paris found Claimant's estimated IQ was at a low average intellectual functioning level. (Tr. 374). He also concluded that Claimant's mental and physical problems in combination

> leads to greater impairment and makes him less likely to be successful in a job setting. . . From a psychological standpoint, based on his reported symptoms, history, and performance on this exam, his ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be below average.

(Tr. 375).

The ALJ recognized Dr. Paris' opinion in his decision but provided no limitations in the RFC based upon his findings. (Tr. 22, 25). The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source.

6

Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

On remand, the ALJ shall provide specific bases for failing to include the specific restrictions found by Dr. Paris. HE shall also expressly set forth the weight he gave to the opinion and the basis for doing so.

Claimant also contends the ALJ should have carried his findings of moderate limitation in mental functions at step three through to his RFC. The ALJ shall consider whether these functions are restricted sufficiently to limit his RFC in these areas, especially in light of the requirement of the jobs identified by the vocational expert for the ability to carry out detailed instructions. *Dictionary of Occupational Titles - DOT 361.684-014; DOT 920.685-078; DOT 311.677-018.*

Claimant also challenges the accuracy of the hypothetical questioning of the vocational expert since the questions did not

reflect the totality of Claimant's mental impairments. On remand, the ALJ shall reformulate his hypothetical questions based upon the specific vocational mental limitations included in the RFC.

**Impairment Analysis**

Claimant primarily challenges the ALJ's providing of "great weight" to the opinion of Dr. William Grubb but not adopting his restrictions on bilateral ankle problems. (Tr. 380). As previously stated, an ALJ cannot pick only those portions of a medical opinion which supports a finding of non-disability. Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider the further physical limitation found by Dr. Grubb.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and

Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE